# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 22-0493V**

|  |  |
|---|---|
| LINDSAY MACK,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 10, 2026 |

*JohnDavid Toren Menzer Law Firm, PLLC, Seattle, WA, for Petitioner.*

*Ryan Pohlman Miller, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On May 4, 2022, Lindsay Mack filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination she received on May 6, 2019. Petition at ¶ 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 22, 2026, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On June 9, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $41,791.12, comprised of $40,000.00 for pain and suffering, $1,576.92 for past lost wages, and $214.20 for past unreimbursed expenses. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $41,791.12, comprised of $40,000.00 for pain and suffering, $1,576.92 for past lost wages, and $214.20 for past unreimbursed expenses, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

---

LINDSAY MACK,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

No. 22-493V (ECF)
Chief Special Master Corcoran
ECF

---

**PROFFER ON AWARD OF COMPENSATION[1]**

On May 4, 2022, Lindsay Mack ("petitioner") filed a petition for compensation under the

National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or

"Act").  Petitioner alleged that she suffered a left shoulder injury related to vaccine

administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, as the

result of an influenza ("flu") vaccination received on May 6, 2019.  Petition at 1.

On April 22, 2026, the Chief Special Master issued a Ruling on Entitlement finding

petitioner entitled to compensation.[2]  ECF No. 43.

**I.**      **Items of Compensation**

Based on the evidence of record, respondent proffers that petitioner should be awarded

the following:

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after
the Damages Decision is issued.

[2] The parties have no objection to the amount of the proffered award of damages.  However,
respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief
Special Master's April 22, 2026 Ruling on Entitlement, finding petitioner entitled to an award
under the Vaccine Act.  This right accrues following the issuance of the Damages Decision.

### A.    Pain and Suffering

Respondent proffers that petitioner should be awarded **$40,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

### B.    Lost Earnings

Evidence supplied by petitioner documents that she incurred lost earnings related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past lost wages in the amount of **$1,576.92**. *See* 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

### C.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$214.20.** *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

The above amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.    Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment, as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[3]

> A lump sum payment of **$41,791.12** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Lindsay Mack.

> Petitioner is a competent adult. Proof of guardianship is not required in this case.

---

[3] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

2

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JENNIFER L. REYNAUD
Assistant Director
Torts Branch, Civil Division

*/s/ Ryan P. Miller*
RYAN P. MILLER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
(202) 598-5650
ryan.miller2@usdoj.gov

Dated: June 9, 2026

3

## CERTIFICATE OF SERVICE

I certify that on this 9th day of June, 2026, a copy of the foregoing PROFFER was served upon petitioner's counsel, JohnDavid Toren, via electronic mail to: johndavid@menzerlawfirm.com.

/s/ *Ryan P. Miller*
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice

4